UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KENYATTA HUTTON                                                                       PLAINTIFF

V.                                                          CIVIL ACTION NO. 4:08CV60 DPJ-FKB

CHRISTOPHER EPPS, ET AL.                                                          DEFENDANTS

ORDER

This cause came to be heard upon two Report and Recommendations of the United States Magistrate Judge, after referral of hearing by this Court. Plaintiff filed this § 1983 action alleging that prison officials violated his constitutional rights by identifying him as a member of a security threat group (STG) and placing him in administrative segregation without due process.

**I.     Plaintiff's Motion for Preliminary Injunction**

On October 8, 2009, Magistrate Judge James C. Sumner entered a Report and Recommendation [41] urging denial of Plaintiff's motion for preliminary injunction [34]. Judge Sumner considered the motion and concluded that Plaintiff had failed to establish the likelihood of success on the merits and that he would suffer irreparable injury if an injunction is not entered, both required by *Canal Authority v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). Judge Sumner recommended denial of the motion for preliminary injunction and advised Plaintiff that he had ten (10) days to file written objections. Plaintiff did not file an objection, and the time to do so has now passed. The Court, having fully reviewed the unopposed Report and Recommendation of the United States Magistrate Judge entered in this cause, and being duly advised in the premises, finds that said Report and Recommendation [41] should be adopted as the opinion of this Court. Plaintiff's motion for preliminary injunction [34] is denied.

## II. Defendants' Motion for Summary Judgment

### A. Report and Recommendation

On November 23, 2009, Judge Sumner entered a second Report and Recommendation [44] regarding Defendants' motion for summary judgment [40]. Judge Sumner correctly noted that changes in custody status or confinement in segregation do not generally implicate a liberty interest. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). An exception to the general rule exists where the placement in segregation or change in custody status, i.e., restraint, results in conditions which impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). After considering Plaintiff's Complaint, Plaintiff's testimony at the omnibus hearing, and Defendants' then-unopposed motion for summary judgment, Judge Sumner concluded that Plaintiff failed to state a claim for deprivation of a constitutionally protected liberty interest. Judge Sumner specifically noted that Plaintiff had made no allegations of any conditions which impose an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.*

Judge Sumner advised Plaintiff that he had 10 days to file objections, the deadline being December 7, 2009.[1] Plaintiff responded by filing a "Notice of Legal Negligence" [46], explaining that he requested from the prison legal department a copy of Federal Rule of Civil Procedure 56 in order to respond to Defendants' motion for summary judgment and Judge Sumner's Report and Recommendation. Plaintiff contends that his request to prison officials was met on December 2, 2009, only five days before the deadline to file objections to the Report and Recommendation. Plaintiff further claims that he attempted to have his objections sent to

---

[1] The December 7, 2009, deadline is the same under both the pre-December 1, 2009 rules for calculating time *and* the amended rules effective December 1, 2009.

the Court on December 4 or 5, but that his request was not timely met. Plaintiff's objections were received by the Court within days of the receipt of his "Notice of Legal Negligence."[2] The Court construes the "Notice of Legal Negligence" [46] as a motion for an extension of time to file objections, which is hereby granted. The Court therefore considers Plaintiff's objections.

B. Plaintiff's Objections

Plaintiff contests the Report and Recommendation on multiple grounds, many of which are patently frivolous or have been raised for the first time in his objections.[3] As an initial matter, Plaintiff has not demonstrated a basis for rejecting Judge Sumner's Report and Recommendation as to the claims actually raised in his complaint. As stated, Plaintiff's complaint asserted that his inmate status was changed without due process. However, a prisoner "has neither a protectible property nor liberty interest in his custody classification." *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988). So too, the mere opportunity to earn good time credits does not implicate a constitutionally protected liberty interest. *Luken*, 71 F.3d at 193. Having fully considered the issues under the applicable standard, the Court finds that Judge Sumner's Report and Recommendation as to Plaintiff's § 1983 claim, as pled, should be adopted as the opinion of the Court.

---

[2] Plaintiff's "Notice of Legal Negligence" and objections were erroneously addressed to Magistrate Judge James C. Sumner, not the Clerk's Office. The items were received by Judge Sumner on December 14 and 16, 2009, and forwarded to the Clerk's Office for filing on January 7, 2010.

[3] Plaintiff represents himself, and the Court struggled to understand a few of the statements contained in his objections. Other arguments were simply misinformed and require no attention, such as his contention that Judge Sumner's Report and Recommendation violates Rule 403 of the Federal Rules of Evidence.

In addition, the Court declines to consider the accusations Plaintiff raised for the first time in his objections. For example, Plaintiff now claims that his conditions of confinement create atypical and significant hardships thus creating a liberty interest under the *Sandin* exception. However, Plaintiff's original complaint [1] and his form complaint [12] are both premised on change of inmate status without due process. Neither addresses the conditions of confinement, and no such allegations appear to have been raised during the *Spears* hearing. In an effort to be thorough, Judge Sumner mentioned the lack of any assertion of a *Sandin*-type claim, and only then did Plaintiff make such allegations in an effort to avoid dismissal.

Plaintiff first filed suit in June 2008. The time to amend his complaint without leave under Federal Rule of Civil Procedure Rule 15(a)(1) has come and gone. Moreover, Plaintiff has not formally requested leave to amend and assert the various claims addressed in his objections. The Court is mindful of "the rule that courts must liberally construe *pro se* pleadings." *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996). In addition, the Court has discretion to "construe an issue raised for the first time in an objection to a magistrate judge's report and recommendation as a motion to amend complaint." *Id*. In this case, the Court declines to exercise that discretion given the unexplained and undue delay, the absence of any hint that a *Sandin*-type claim may exist until after the Report and Recommendation mentioned *Sandin*, and the fact that Defendants have already filed the pending Rule 56 motion. *See Melton v. Lock*, 214 F. App'x 429, 430 (5th Cir. 2007) (no error in failure to address *pro se* prisoner claims raised neither in original nor amended complaints); *Sheffield v. Trevino*, 207 F. App'x 403, 405 (5th Cir. 2006) (finding no abuse of discretion in refusal to consider new claims raised in objections to magistrate judge's report and recommendation given undue delay and existence of pending summary judgment motion).

4

Plaintiff has failed to state a claim for violation of his due process rights.  Plaintiff's objections [45] are not well-taken, and Defendants' motion for summary judgment [40] is granted.

IT IS, THEREFORE, ORDERED that the Report and Recommendations [41,44] of United States Magistrate Judge James C. Sumner be, and the same are hereby, adopted as the findings and conclusions of this Court.

A separate judgment will be entered herein in accordance with the Order as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 19th day of February, 2010.

                                              s/ *Daniel P. Jordan III*
                                              UNITED STATES DISTRICT JUDGE